■ LAWRENCE CIAFFONE, Respondent, v. MANHATTANTOWN, INC., et al., Respondents. STEVE PAPPAS, Defendant and Third-Party Plaintiff-Respondent v. CONTINENTAL INSURANCE COMPANY, Third-Party Defendant-Appellant.— The main action is a negligence action brought by plaintiff, a roofer, to recover damages for personal injury sustained as a result of being struck by a tractor allegedly used upon the site of a construction project, against Steve Pappas, the operator of the tractor, and against Manhattantown, Inc., Webb & Knapp Construction Corporation and Civetta Excavating Inc., being respectively the owner of the premises, the general contractor and the subcontractor which employed the tractor-operator Pappas. The three corporate defendants have asserted a cross complaint against the operator Pappas; and he has asserted a third-party complaint against Continental Insurance Company, as a third-party defendant, upon his allegation that he was an additional insured under the "loading and unloading" clause of its automobile liability policy issued upon a truck owned by one Helen McNamara (doing business as Richard Sullivan Company); he alleged that, at the time of the accident, he was operating the tractor and moving debris to be loaded onto the truck. Continental appeals: (1) from a resettled order of the Supreme Court, Kings County, dated August 23, 1963 which granted Pappas' motion for a pretrial examination by open commission of its insured, Helen McNamara, the truck owner; and (2) from certain portions of an order and a resettled order of said court, dated, respectively, September 3, 1963 and September 9, 1963. Appeal from order of August 23, 1963 dismissed, without costs. Continental's brief, although it concludes with a bare request for the reversal of such order, fails to assert a single point or ground in support of reversal. Moreover, the printed appendix filed by Continental does not permit a proper review; it does not contain either the order or the papers upon which it is based. Appeal from the order of September 3, 1963 dismissed, without costs, as academic; said order was superseded by the order of September 9, 1963. Order of September 9, 1963 modified as follows: (1) By striking out its fourteenth and fifteenth decretal paragraphs relating to Continental's further pretrial examination of Pappas; (2) by adding provisions directing: (a) that such examination shall be resumed at the New Jersey State Prison Farm, Rahway, New Jersey, with respect to all issues material to the third-party action; (b) that such material issues shall include all the matters specified in the first subdivision of paragraph "C" of Continental's cross notice of motion dated April 29, 1963, as well as the agreements, if any, which Pappas has made to pay his counsel for his defense of the main action and for the prosecution of his third-party action against Continental; but (c) that such material issues shall *exclude* all the matters specified in the second, third and fourth subdivisions of paragraph "C" of Continental's said cross notice; (3) by adding a provision denying Continental's cross motion insofar as Continental seeks to examine before trial Abraham M. Lindenbaum, Simon B. Gluck and Helen Kalfus; (4) by adding a provision granting Continental's cross motion insofar as Continental seeks to examine before trial the Consolidated Mutual Insurance Co., by Jacob L. Rothstein and such other of its officers or agents as have knowledge with respect to "all statements, oral and written, obtained from" Pappas, as specified in the first subdivision of paragraph "D" of said cross notice; (5) by adding a provision granting Continental's cross motion insofar as Continental seeks to strike from the Trial Calendar the third-party action on the ground that such action is not ready for trial; and (6) by adding a further provision directing that such third-party action be struck from the Trial Calendar, without prejudice to its restoration at the appropriate time. As so modified, the order of September 9, 1963, insofar as appealed from, is affirmed, with one bill of costs to the appellant. The

respective examinations, as hereby directed, shall proceed on 10 days' written notice or at such other times and places as the parties may mutually stipulate in writing. Continental is entitled to any statements and communications furnished to Pappas' employer or to his employer's insurance carrier (Consolidated Mutual Insurance Company), since such statements and communications might reasonably contain admissions by Pappas as to facts and circumstances which determine whether the accident in suit is within the coverage of the insurance policy issued by Continental to the said truck owner, Helen McNamara. The arrangements, if any, made for payment of counsel to defend Pappas in the main action against him are items of damage in the third-party action. Hence, such arrangements are proper subjects of pretrial disclosure. The third-party action, which has been severed, is clearly not ready for trial within the meaning of the statement of readiness requirements contained in rule I of Part Seven of the rules of this court (Promulgated as of Sept. 1, 1963). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.